COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff[*]


THE SERVICE MASTER COMPANY and
 ZURICH INSURANCE COMPANY
                                   MEMORANDUM OPINION* BY
v.    Record No. 0370-01-3            PER CURIAM
                                      JUNE 19, 2001
PHYLLIS LYNN (CRUMMETT) CAMPBELL


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Steven H. Theisen; Midkiff, Muncie & Ross,
            P.C., on brief), for appellant.

            (George L. Townsend; Brian J. McNamara;
            Chandler, Franklin & O'Bryan, on brief), for
            appellee.


     The Service Master Company and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that (1) Phyllis Lynn

(Crummett) Campbell proved that she sustained a compensable

change-in-condition causally related to her May 26, 1995 injury

by accident; and (2) Campbell's change-in-condition application

was governed by the two-year statute of limitations contained in

Code § 65.2-708(A), rather than the one-year statute of

limitations contained in Code § 65.2-501.  Upon reviewing the

---

        * Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). We will uphold the commission's factual findings if they are supported by credible evidence. James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

In ruling that Campbell proved she sustained a compensable change-in-condition and that she filed a timely application, the commission found as follows:

> The record . . . clearly reflects that [Campbell's] condition has remained painful and a problem for her since the accident in 1995. Nevertheless, [she] was able to successfully manage her pain, and continued to work at full work duties before, during and after her award of permanency in 1998. While [she] testified that her painful condition has not improved over the intervening years, we also note her testimony that her condition became worse in 2000, thereby causing her to seek out first emergency care, and then additional pain management treatment once the pain became unbearable. In the opinion of [her] treating specialist[, Dr. Victor C. Lee], her pain is both disabling and causally related to the compensable accident. We find that these facts reflect a deterioration of [Campbell's] condition since the date she was awarded permanency benefits in 1998, and the two year, "change in condition" statute of limitation applies.

-

We also find that [Campbell] has proven that her change in condition is causally related to her compensable accident. Both Dr. Lee and Dr. [Christopher] Heck have opined that [Campbell's] ongoing problems with her left shoulder are causally related to the compensable accident. We recognize that Dr. [David S.] Witmer treated [Campbell] for a longer period of time. However, he released her from his care in August 1999, and only examined her on one occasion after that date. In his IME report, Dr. Witmer recorded only that [Campbell's] subjective complaints of pain could not be objectively verified from an "orthopedic" standpoint. Nevertheless, he suggested that a psychological or psychiatric approach to treatment might be beneficial, and he did not specifically opine that her condition was not causally related to her accident.

"In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). In its role as fact finder, the commission was entitled to weigh the medical evidence. See Penley v. Island Creek Coal Co., 8 Va. App. 310, 318, 381 S.E.2d 231, 236 (1989) (holding that "[q]uestions raised by conflicting medical opinions must be decided by the commission"). The commission accepted the opinions of Drs. Lee and Heck, while rejecting Dr. Witmer's opinions. The medical records and opinions of Drs. Lee and Heck, coupled with the January 6, 2000 emergency room reports, establish that Campbell's left shoulder pain had worsened and

-

that she had suffered an "[a]cute exacerbation of chronic shoulder pain." This evidence constitutes credible evidence to support the commission's finding that Campbell's left shoulder condition deteriorated after the 1998 permanency award and resulted in a compensable change-in-condition.

On October 20, 1998, Campbell was last paid permanent partial disability benefits related to her May 26, 1995 injury by accident. The commission ruled that the two-year statute of limitations contained in Code § 65.2-708(A) applied to Campbell's March 28, 2000 change-in-condition application, rather than the one-year statute of limitations contained in Code § 65.2-501. We affirm that ruling. Credible evidence supports the commission's decision that Campbell sustained a compensable change-in-condition after the date she was awarded permanency benefits. Accordingly, the commission did not err in finding that the March 28, 2000 change-in-condition application was timely filed. See Armstrong Furniture v. Elder, 4 Va. App. 238, 244, 356 S.E.2d 614, 617 (1987) (holding that "the two year limitation period of Code § [65.2-708] applies to filing an application for additional workers' compensation benefits pursuant to a change in condition as defined by Code § [65.2-101]").

For these reasons, we affirm the commission's decision.

Affirmed.

-